UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Kristyn Graham


    v.                                      Civil No. 07-cv-295-PB

New Hampshire State
Prison for Women, Warden et al.


**REPORT AND RECOMMENDATION**

    Plaintiff moves for a preliminary injunction seeking more consistent access to a law library with updated (current) legal materials or for an appointed attorney. Her underlying claim essentially deals with alleged inadequate medical care.

**BACKGROUND**

    Plaintiff alleges that since defense counsel appeared for defendants the legal data base (Lexis Nexis) has crashed three times; that needed Lexis passwords were not disclosed to 2nd shift staff; that "lock-downs" resulted in loss of library time; and that the library includes outdated books. Plaintiff "feels that this is transpiring due to Attorney General's acceptance (of service)...." In short, she asserts that the difficulties in the library have occurred in retaliation for her filing this lawsuit and she seeks an injunction against such retaliation.

**DISCUSSION**

Defendant's first line of attack is its claim that the motion must be denied because the alleged denial of library access claims have not been administratively exhausted. However, defendant has not cited any law to support this argument. It is certainly true that 42 U.S.C. §1997e(a) imposes a mandatory requirement of exhaustion of administrative remedies <u>prior</u> to bringing a lawsuit challenging prison conditions. Therefore, plaintiff needed to exhaust the claims in the <u>complaint</u> prior to suit.

It is also clear that claims in an amended complaint must be exhausted prior to its filing because the amended complaint is "the functional equivalent of 'filing a new complaint'". <u>Barnes v. Briley</u>, 420 F.3d 673, 678 (7th Cir. 2005). However, a request to enjoin ongoing retaliation for the underlying suit has not been shown to be the functional equivalent of filing a new complaint and the clear language of the statute does not appear to apply. In any event, defense counsel has not cited and the court has not found, any authority requiring exhaustion as to claims for injunctive relief from retaliation related to the

suit, arising during the pendency of the suit.[1]  Given the unsettled state of the law on this point, I do not recommend denying the motion on the basis of lack of administrative exhaustion.

Nevertheless, I do recommend that the motion be denied.  A denial of access claim requires plaintiff to show two things: (1) the denial of an adequate library or legal assistance; and (2) an actual injurious hindrance to her claims.  See <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977); <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996).  As defense counsel has ably shown, plaintiff has not alleged any injury and the motion is therefore, fatally flawed.  Accordingly, I recommend that the motion be denied.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of</u>

---

[1] New claims, unrelated to "retaliation" for injunctive relief frequently are the functional equivalent of a new complaint and require exhaustion.

Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);

United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date:    February 4, 2008

cc:   Kristyn Graham, pro se
      James William Kennedy, Esq.