**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Kristyn Graham</u>

    v.                                       Case No. 07-CV-295-PB

<u>Warden, New Hampshire State
Prison for Women, et al.</u>

**O R D E R**

Kristyn Graham, formerly an inmate at the New Hampshire State Prison for Women ("NHSPW") in Goffstown, New Hampshire, filed an action pursuant to 42 U.S.C. § 1983, wherein she claims that she was subjected to inadequate medical care and inhumane prison conditions in violation of the Eighth Amendment of the United States Constitution.[1]  Graham names Dan Belligeron, Head Nurse and Medical Department Supervisor; Kathy Fontaine, employee; and Jean Chapman, Nurse, as defendants in her inadequate medical care claim.  She names Joanne Fortier, Acting Warden, as defendant in her inhumane confinement conditions

---

[1] Initially, Graham characterized her complaint as a petition for habeas corpus; however, Magistrate Judge Muirhead, in a Report and Recommendation adopted by this court, construed this action as one under 42 U.S.C. § 1983. (Report and Recommendation, <u>Doc. No. 9</u>, at 23.)  Moreover, Magistrate Judge Muirhead also dismissed Graham's claim that the NHSP's urine testing procedure was in violation of the Fourth and Eighth Amendments of the United States Constitution.  (<u>Id.</u> at 23-24.)

claim.[2] NHSP has filed a motion for summary judgment.

Graham began her sentence at the NHSPW in February 2006. In March 2007, she was released on administrative home confinement, and she returned to the prison on May 31, 2007. On July 2, 2008, she was transferred to a halfway house where she remained until she was discharged on August 29, 2008.

In addition to her request for release from incarceration, Graham's complaint "seeks injunctive and monetary relief for wrongs committed by the defendants as state actors in their official capacities." (Report and Recommendation, Doc. No. 9, at 21.) Thus, construed liberally, Graham's complaint asserts three forms of relief: (a) release, (b) prospective injunctive relief, and (c) monetary damages.

Graham's request to be released from incarceration is not a remedy for the Eighth Amendment claims she has asserted. Glaus v. Anderson, 408 F.3d 382, 387-88 (7th Cir. 2005) (The appropriate remedy for an inmate whose medical treatment amounts to cruel and unusual punishment "would be to call for proper treatment, or to award him damages; release from custody is not an option."); Gomez v. United States, 899 F.2d 1124, 1126 (11th

---

[2] In this order, defendants are collectively referred to as "NHSP" for convenience.

Cir. 1990) (The appropriate remedy for "prison conditions that violate the Eighth Amendment during legal incarceration is to require the discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment."). Moreover, because Graham is no longer incarcerated at the NHSPW, the request for release is moot. The same is true of her request for prospective injunctive relief. Finally, to "the extent Graham brings official capacity claims for monetary relief against the remaining defendants," those claims have already been dismissed. (Report and Recommendation, [Doc. No. 9](Doc. No. 9), at 21-22.)

Absent a filing from Graham showing cause as to why her claims are not moot, this matter will be dismissed thirty (30) calendar days from the date of this ruling.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

April 28, 2009

cc: Kristyn Graham, pro se
    James W. Kennedy, Esq.